**CHIEN HWA SHEN, Petitioner,**

v.

**Jeff B. SESSIONS, Attorney General, Respondent.**

**No. 11-72626**

United States Court of Appeals, Ninth Circuit.

Submitted February 14, 2017 *

Filed February 23, 2017

Chien Hwa Shen, Pro Se

Sheri Robyn Glaser, Trial Attorney, Suzanne N. Nardone, Esquire, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Chien Hwa Shen, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Shen's motion as untimely and number-barred where Shen filed his third motion to reopen more than seven years after the final administrative order, *see* 8 C.F.R. § 1003.2(c)(2), and Shen failed to demonstrate he qualified for a regulatory exception to the time and number limits for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi*, 597 F.3d at 991 (concluding that evidence submitted with motion to reopen did not establish changed circumstances arising within the country of nationality); *cf. Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014) (concluding that an alien can satisfy 8 C.F.R. § 1003.2(c)(3)(ii) by presenting "evidence of changed country conditions that are relevant in light of the petitioner's changed circumstances").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.